# BARKET LAWYERS
### ATTORNEYS AT LAW
### CONCORDE BUILDING
### 7TH FLOOR
### 66 WEST FLAGLER STREET
### MIAMI, FLORIDA 33130

TIMOTHY K. BARKET  TELEPHONE (305) 373-6711
JAMES J. SOPER   FACSIMILE (305) 373-4770
JOSE R. GOMEZ
DYLAN G. BARKET

June 21, 2024

Sent via USPS Certified Mail
7018 3090 0002 0366 7156
Angie Clements
985 Prospector Road
Hackleburg, AL, 35564

## RE: EMILY LAMBERT

Dear Ms. Angie Clements,

We have been retained by Ms. Emily Lambert to initiate a civil case against you. From our investigation, Emily Lambert and you jointly owned 985 Prospector Road, each holding a fifty (50) percent interest. As you are aware, the property suffered significant damage due to a fire, resulting in an insurance claim. The insurance company has made a payment as a result of this claim. Given the joint ownership of the property, my client is entitled to her fair share of these proceeds, which amounts to half of the insurance payment amount. From our understanding, the parties entered into a Contract for a payment to be made in the amount of $64,300.00. You provided a check for said amount, which you promptly issued a stop payment order on.

AL Code § 6-5-285 (2023) states that: "The holder of a worthless check, draft, or order for the payment of money shall have a right of action against the person who unlawfully made, uttered, or delivered the same to him or to his endorser; and such action may be maintained though there has been no prosecution, conviction, or acquittal of the defendant for his unlawful act. . . . The plaintiff in such action may recover such damages, both punitive and compensatory, including a reasonable attorney fee, as the jury or court trying the case may assess." Negotiating a worthless negotiable instrument is a Class A misdemeanor in Alabama.

Utilizing the mail system, to commit a fraud, also constitutes a federal felony. "There are two elements in mail fraud: (1) having devised or intending to devise a scheme to defraud (or to perform specified fraudulent acts), and (2) use of the mail for the purpose of executing, or attempting to execute, the scheme (or specified fraudulent acts)." *Schmuck v. United States*, 489 U.S. 705, 721 n. 10 (1989); *see also Pereira v. United States*, 347 U.S. 1, 8 (1954) ("The elements of the offense of mail fraud under . . . § 1341 are (1) a scheme to defraud, and (2) the mailing of

a letter, etc., for the purpose of executing the scheme."); Laura A. Eilers & Harvey B. Silikovitz, *Mail and Wire Fraud*, 31 Am. Crim. L. Rev. 703, 704 (1994) (cases cited).

Therefore, we hereby demand that you remit the sum of $64,300.00, made out to my client, Emily Lambert, within seven (7) days of receipt of this letter. Payment should be made by cashier's check or certified check and sent to the following address:

Barket Lawyers
ATTN: Dylan
66 W. Flagler Street, 7th Floor
Miami, Florida, 33130

Failure to remit said payment will result in the referral of this matter to the appropriate authorities, as well as the filing of a civil lawsuit. We will be seeking punitive damages, along with attorney's fees, costs, and any other relief applicable under Alabama and Federal law. Should you like to discuss additional payment manners, please call my office.

# GOVERN YOURSELF ACCORDINGLY.

Respectfully,

/s/ Dylan G. Barket, Esq.