UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| Emily Rutherford (also known as Emily Lambert), Plaintiff, v. | ) ) ) ) ) | Case # 25-cv-2172-TJK |
| Angie Clements, Defendant. | ) ) ) | |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Plaintiff Emily Hope Rutherford respectfully moves the Court for entry of default judgment against Defendant Angie Clements pursuant to Fed. R. Civ. P. 55(b)(2). In support, Plaintiff states:

## I.    PROCEDURAL BACKGROUND

Plaintiff filed her Complaint on July 8, 2025 (ECF No. 1), alleging breach of contract and fraud claims arising from Defendant's misconduct.

Defendant was personally served with the summons and Complaint on August 2, 2025 (ECF No. 4, Affidavit of Service).

Under Fed. R. Civ. P. 12(a)(1)(A)(i), Defendant's responsive pleading was due August 23, 2025.

Defendant failed to file any answer, motion, or otherwise defend.

On August 27, 2025, at Plaintiff's request, the Clerk entered default against Defendant under Rule 55(a) (ECF No. 7).

Defendant remains in default and has not appeared.

## II.    LEGAL STANDARD

After entry of default by the Clerk, the Court may enter default judgment under Rule 55(b). *See Mwani v. bin Laden*, 417 F.3d 1, 6 (D.C. Cir. 2005). On default, well-pleaded factual allegations (except

1

as to damages) are taken as true. *Boland v. Elite Terrazzo Flooring, Inc.*, 763 F. Supp. 2d 64, 67–68 (D.D.C. 2011).

The Court must determine whether those allegations establish liability, and whether Plaintiff has proven damages with reasonable certainty. *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57–58 (D.D.C. 2008). The Court may rely on affidavits and documentary evidence or hold a limited Rule 55(b)(2) hearing. *Jackson v. Beech*, 636 F.2d 831, 835–36 (D.C. Cir. 1980).

## III.    ARGUMENT

### A. Jurisdiction and Venue Are Proper

The Court has subject-matter jurisdiction as alleged in the Complaint, and personal jurisdiction/venue are proper under 28 U.S.C. § 1391. Defendant was validly served within the United States.

### B. Liability Is Established by Default

Defendant's default constitutes an admission of all well-pleaded allegations of liability. *See Mwani*, 417 F.3d at 6; *Boland*, 763 F. Supp. 2d at 67.

Breach of Contract. Plaintiff pleaded the existence of a valid contract, Plaintiff's performance, Defendant's breach, and resulting damages.

Fraud. Plaintiff pleaded that Defendant knowingly misrepresented material facts, intended to induce reliance, Plaintiff reasonably relied, and suffered damages. *See Bennett v. Kiggins*, 377 A.2d 57, 59 (D.C. 1977).

These claims, deemed admitted, establish liability as a matter of law.

### C. Damages Are Established by Affidavit and Exhibits

Plaintiff seeks the following damages as pleaded in the Complaint:

1. Compensatory damages: $229,403.

2. Punitive damages: $100,000 (warranted because Defendant's conduct was intentional, willful, and malicious).

3. Prejudgment interest: calculated at 6% per annum under D.C. Code § 28-3302(a) and § 15-108 for liquidated sums, accruing from June 5, 2024 (the date Defendant repudiated the settlement by canceling the $64,000 check) through August 29, 2025, in the amount of $16,977.

4. Attorneys' Fees: Plaintiff also seeks reasonable attorneys' fees under Ala. Code § 6-5-285 and the Court's equitable powers. Based on approximately 60 hours of legal work at a reasonable hourly rate of $500 (consistent with the Laffey Matrix for experienced federal litigators), Plaintiff requests $30,000 in fees.

5. Costs: Filing fee and service costs totaling approximately $790.10.

6. Post-judgment interest: pursuant to 28 U.S.C. § 1961 until paid.

Plaintiff supports these amounts with the attached Declaration of Roger Roots and exhibits, including documentary evidence of the contract, payments, losses, and time records for legal services.

This satisfies the requirement that damages be proven with "reasonable certainty." Auxier Drywall, 531 F. Supp. 2d at 57–58. No evidentiary hearing is necessary unless the Court desires one.

## IV.   RELIEF REQUESTED

For the reasons stated, Plaintiff respectfully requests that the Court:

Grant this Motion and enter default judgment against Defendant Angie Clements;

Award damages as follows:

1. Compensatory damages: $229,403

2. Punitive damages: $100,000

3.  Prejudgment interest: $16,977 (calculated under D.C. Code §§ 15-108, 28-3302(a))

4.  Attorneys' Fees: $30,000

5.  Costs: $790.10

6.  Post-judgment interest at the statutory federal rate

7.  Grant such other relief as the Court deems just and proper.


DATED: August 29, 2025,                    RESPECTFULLY SUBMITTED,

                                           Respectfully submitted,
                                           */s/ Roger Roots*
                                           Roger Roots
                                           10 Dorrance Street, Suite #700
                                           Providence, RI 02903
                                           775-764-9347
                                           Email: roger@rootsjustice.com

4

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Emily Rutherford (also known | ) |
| as Emily Lambert), | ) |
| Plaintiff, | ) Case # 25-cv-2172-TJK |
| v. | ) |
| | ) |
| Angie Clements, | ) |
| Defendant. | ) |

**DECLARATION OF ROGER ROOTS IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

I, **Roger Roots**, declare as follows:

1. I am an attorney duly licensed to practice law before this Court and am counsel of record for Plaintiff **Emily Rutherford** in the above-captioned matter. I make this declaration based on my personal knowledge and, if called as a witness, I could and would testify competently to the matters stated herein.

2. On **July 8, 2025**, Plaintiff filed a complaint against Defendant **Angie Clements** alleging mail fraud, fraud by false insurance application, and issuing a worthless check.

3. Defendant was duly served with a copy of the summons and complaint on **August 2, 2025**, as reflected in the proof of service filed with this Court on **August 12, 2025**.

4. Pursuant to Federal Rule of Civil Procedure 12(a)(1), Defendant's response to the complaint was due on **August 23, 2025**. To date, Defendant has failed to answer or otherwise respond to the complaint.

5. Plaintiff requested the Clerk of the Court to enter default against Defendant pursuant to Federal Rule of Civil Procedure 55(a), and the Clerk entered default on **August 27, 2025.**

5

6.  Based on the foregoing, and as supported by the accompanying declaration of damages, calculations of interest, and legal fees, Plaintiff requests that the Court enter default judgment in Plaintiff's favor against Defendant in the amount of **$377,170.10**, plus interest, costs, and attorneys' fees as provided by law.

7.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this **29** day of **August, 2025**

DATED: August 29, 2025,                    RESPECTFULLY SUBMITTED,

Respectfully submitted,
*/s/ Roger Roots*
Roger Roots
10 Dorrance Street, Suite #700
Providence, RI 02903
775-764-9347
Email: roger@rootsjustice.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| Emily Rutherford (also known | ) | |
| as Emily Lambert), | ) | |
| Plaintiff, | ) | Case # 25-cv-2172-TJK |
| v. | ) | |
| | ) | |
| Angie Clements, | ) | |
| Defendant. | ) | |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Upon consideration of Plaintiff's Motion for Default Judgment, the supporting memorandum, declarations, exhibits, the Clerk's Entry of Default (ECF No. 7), and the entire record in this case, it is hereby ORDERED:

1. Plaintiff's Motion for Default Judgment is **GRANTED**.

2. Judgment is entered in favor of Plaintiff **Emily Hope Rutherford** and against Defendant **Angie Clements**.

3. Plaintiff is awarded damages as follows:

   o **Compensatory damages:** $229,403

   o **Punitive damages:** $100,000

   o **Prejudgment interest:** $16,977 (calculated under D.C. Code §§ 15-108, 28-3302(a))

   o **Attorneys' Fees:** $30,000

   8. **Costs:** $790.10

4. Plaintiff is further awarded **post-judgment interest** on the total judgment pursuant to 28 U.S.C. § 1961 from the date of entry of judgment until paid.

5.  The Court finds that Defendant is not in military service within the meaning of the

Servicemembers Civil Relief Act, 50 U.S.C. § 3931.

6.  The Clerk is directed to enter judgment accordingly and close this case.


SO ORDERED.                                    DATED: _____




_____
Hon. Timothy J. Kelly
United States District Judge